IN THE US DISTRICT COURT, MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

CODY WIGGINS, ET AL.

V.

CHAD YOUKER, ET AL.

RECEIVED
OCT 0 5 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

CASE NO. 3:26-CV-01253

MOTION FOR PRELIMINARY INJUNCTION

COMES NOW THE PLAINTIFF, CODY HEATH WIGGINS, RESPECTFULLY MOVING THIS HONORABLE COURT FOR PRELIMINARY INJUNCTION PURSUANT TO FRCP 65. WHEREFORE PLAINTIFF STATES THAT EACH DEFENDANT HAS BEEN NOTIFIED PURSUANT TO FRCP 65 (A)(1) & GRANTING OF THIS MOTION DOES NO MORE THAN SECURE STATUTORY & CONSTITUTIONAL RIGHTS GUARANTEED TO PLAINTIFF AS A CITIZEN OF THE UNITED STATES & OF THE STATE OF TENNESSEE.

"A PRELIMINARY INJUNCTION MUST ESTABLISH THAT [THE PLAINTIFF] IS LIKELY TO SUCCEED ON MERITS, LIKELY TO SUFFER IRREPARABLE HARM ABSENT INJUNCTION, BALANCE OF EQUITIES TIPS IN FAVOR & AN INJUNCTION IS IN THE PUBLIC INTEREST." (WINTER V. NATL RES DEF COUNCIL INC 555 US 7 129 S. CT L. Ed 2d 249 (2005))

THE PURPOSE OF PRELIMINARY INJUNCTION IS TO PRESERVE THE STATUS QUO & PREVENT IRREPARABLE HARM DURING THE PENDENCY OF A LAWSUIT TO PRESERVE THE COURT'S ABILITY TO RENDER A MEANINGFUL JUDGMENT. BUT WHERE AN APPLICANT'S RIGHT TO RELIEF IS UNDISPUTABLY CLEAR, THE COURT MAY ISSUE A "MANDATORY" INJUNCTION WHICH ALTERS, RATHER THAN PRESERVES, THE STATUS QUO. (COMMUNITY PARTY OF IND V. WHITCOMB 409 US 1235 93 S. CT 16 34 L.Ed 2d (1972))

ISSUE

IT IS UNDISPUTED THAT PLAINTIFF, AS A NATURALLY-BORN CITIZEN OF THE UNITED STATES NEVER HAVING BEEN CONVICTED OF ANY "INFAMOUS CRIMES" OR FELONIES & AN HONORABLY-DISCHARGED PARTIALLY-DISABLED MARINE CORPS VETERAN, HAS A CONSTITUTIONAL & STATUTORY RIGHT & OBLIGATION TO VOTE IN NATIONAL, STATE & LOCAL ELECTIONS. THE RIGHT TO VOTE & TO PARTICIPATE IN OUR REPUBLICAN (IN THAT CITIZENS VOTE FOR ELECTORS) & SOMETIMES DEMOCRATIC (IN THAT CITIZENS SOMETIMES ELECT LEADERS DIRECTLY) FORM OF REPRESENTATIVE GOVERNMENT IS THE MOST FUNDAMENTAL & BASIC OF ALL RIGHTS. AS A NON-INDENTURED MALE, THE PLAINTIFF'S RIGHT TO VOTE WAS GUARANTEED UNDER THE CONSTITUTION WRITTEN IN 1788, & THE 15TH & 19TH AMENDMENTS ONLY SERVED TO FURTHER SOLIDIFY THAT RIGHT & ITS IMPORTANCE (NECESSARILY-SO) GRANTING THE RIGHT TO VOTE TO ALL CITIZENS OF THESE UNITED STATES AS

AN IMMUTABLE & UNALIENABLE FACT OF LAW. (AFTER ALL, REPRESENTATION WAS THE CHIEF CAUSE OF OUR GREAT REVOLUTION DESIGNED TO FREE US FROM THE BOOTHEELS OF THE TYRANTS!) THIS RIGHT IS FURTHER GUARANTEED UNDER THE CONSTITUTION OF THE STATE OF TENNESSEE IN ARTICLE IV. PLAINTIFF'S RIGHT TO VOTE IS UNDISPUTABLE.

STILL, IN HIS THREE CONSECUTIVE YEARS AS A PRETRIAL DETAINEE IN THE CUSTODY OF WILLIAMSON COUNTY SHERIFF'S DEPARTMENT, PLAINTIFF'S RIGHT TO VOTE HAS BEEN CONTINUALLY DENIED. PLAINTIFF HAS REQUESTED OVER-AND-OVER AGAIN TO VOTE & HAS FILED NUMEROUS GRIEVANCES PERTAINING TO THIS MATTER, BEGINNING AS EARLY AS 2024. (PLAINTIFF HAS BEEN INCARCERATED SINCE NOVEMBER 11, 2023) JAIL STAFF CONTINUALLY DENY HIS REQUESTS TO VOTE IN ELECTIONS ON THE FALSE BASIS THAT HE "IS NOT A RESIDENT OF TENNESSEE." THIS IS DESPITE THE FACT THAT PLAINTIFF HAS BEEN IN TENNESSEE & HAS NOT LEFT SINCE NOVEMBER 2023, & THE FACT THAT HE RECEIVES ALL LEGAL & PERSONAL MAIL AT HIS ADDRESS IN TENNESSEE, & THE FACT THAT HE DOES NOT OWN OR CONTROL INTEREST IN REAL PROPERTY IN ANY OTHER STATE, & THAT HE IS A PART-OWNER IN A BUSINESS-ENTITY REGISTERED WITHIN THE STATE OF TENNESSEE. INDEED, PLAINTIFF IS IN THE CUSTODY OF THE VERY STATE ACTORS THAT ARE DENYING HIS RIGHT TO VOTE IN THE STATE HE IS BEING HELD IN! THIS IS LIKE IF THE SCHOOL GAVE A CHILD A PERMISSION SLIP THAT THE CUSTODIAL GUARDIANS REFUSED TO SIGN ON THE (OBVIOUSLY FALSE) BASIS THAT THE CHILD DIDN'T LIVE WITH THEM. IT IS ABSURD.

EVEN IF PLAINTIFF WAS NOT A CITIZEN + RESIDENT OF TENNESSEE (HE IS), JAIL STAFF WOULD STILL HAVE A DUTY TO ENSURE HIS ABILITY TO VOTE WAS NOT INFRINGED-ON IN THE STATE HE IS SUPPOSEDLY A RESIDENT OF, & WOULD HAVE TO ALLOW HIM TO VOTE IN THAT STATE'S ELECTIONS. INSTEAD, THE DEFENDANTS HAVE COMPLETELY & UTTERLY DENIED HIS RIGHT TO VOTE ANYWHERE & ANY TIME, ALTOGETHER UNDER THIS FALSE PREMISE & <u>LIE</u> THAT HE IS NOT A TENNESSEE RESIDENT. PLAINTIFF IS A PRETRIAL DETAINEE & <u>NOT</u> A CONVICTED FELON. THE DENIAL OF HIS RIGHT TO VOTE THEREFORE CONSTITUTES PUNISHMENT PRIOR TO CONVICTION UNDER THE 14TH AMENDMENT OF THE U.S.

CONSTITUTION, AS WELL AS CRUEL & UNUSUAL PUNISHMENT UNDER THE 8TH AMENDMENT. THIS RIGHT IS SO FUNDAMENTAL AS TO BE TAUTOLOGICAL. DEFENDANTS ARE AWARE THAT WHAT THEY ARE DOING IS WRONG, BUT THEY ARE DOING IT ANYWAY.

## RULE 65 REQUIREMENTS

1) THIS PRELIMINARY INJUNCTION IS SEPARATE FROM THE COMPLAINT.
2) THIS PRELIMINARY INJUNCTION IS SUPPORTED BY A MEMORANDUM OF LAW.
3) THIS PRELIMINARY INJUNCTION IS SUPPORTED BY AN AFFIDAVIT.
4) THIS PRELIMINARY INJUNCTION IS SUPPORTED WITH NOTICE GIVEN DEFENDANTS.
5) THIS PRELIMINARY INJUNCTION IS SUPPORTED BY A PROPOSED ORDER.

## PROPOSED ORDER

DECLATORY RELIEF ALLOWING PLAINTIFF TO PARTICIPATE IN ELECTIONS IN ACCORDANCE WITH HIS RIGHTS & AN ORDER COMPELLING DEFENDANTS TO ALLOW PLAINTIFF TO EXERCISE HIS RIGHT TO VOTE.

## LIKELIHOOD OF SUCCESS ON MERITS

PLAINTIFF HAS AN UNDENIABLE RIGHT TO VOTE. SINCE HE HAS LIVED IN TENNESSEE NEARLY THREE CONSECUTIVE YEARS NOW, HE IS OBVIOUSLY A RESIDENT & CITIZEN OF THE STATE OF TENNESSEE. EVEN IF HE WERE NOT, HE WOULD STILL RETAIN HIS RIGHT TO VOTE IN THE STATE HE IS SUPPOSEDLY A RESIDENT OF, & DEFENDANTS WOULD STILL HAVE A DUTY TO ENSURE HIS RIGHT TO VOTE WAS NOT INFRINGED-UPON. THE RIGHT TO SUFFRAGE IS GUARANTEED UNDER THE U.S. CONSTITUTION & EXPANDED ON IN ITS 15TH & 19TH AMENDMENTS, & THE CONSTITUTION OF TENNESSEE ONLY RESTRICTS CONVICTED FELONS FROM VOTING. SINCE PLAINTIFF IS A U.S. CITIZEN & NOT A FELON, HE HAS A CONSTITUTIONAL RIGHT TO VOTE. THIS IS ARGUABLY THE MOST FUNDAMENTAL OF ALL RIGHTS UNDER THE CONSTITUTION.

## IRREPARABLE HARM

IRREPARABLE HARM IS INSEPARABLY LINKED TO THE LIKELIHOOD OF SUCCESS IN THIS CASE. (ELROD V. BURNS US. S. CT. (1976)) WHEN CONSTITUTIONAL RIGHTS ARE THREATENED OR IMPAIRED, IRREPARABLE HARM IS PRESUMED, IF A PLAINTIFF SHOWS THAT THERE IS A LIKELIHOOD THAT A CHALLENGED ACTION OR POLICY IS UNCONSTITUTIONAL, AND SUBSTANTIAL HARM TO OTHERS CAN BE SAID TO INTERFERE IN ITS ENJOYMENT. (DEJA VU OF NASH V. METRO NASH GOVT 6TH CIR (2001)) WHEN A CONSTITUTIONAL RIGHT IS VIOLATED, THE PUBLIC INTEREST MILITATES IN FAVOR OF AN INJUNCTION BECAUSE IT IS ALWAYS IN THE PUBLIC INTEREST TO PREVENT CONSTITUTIONAL RIGHTS VIOLATIONS. (OBAMA FOR AM V. HUSTED 697 6TH CIR (2012))

PLAINTIFF HAS ALREADY BEEN DENIED HIS RIGHT & DUTY TO PARTICIPATE IN OUR REPRESENTATIVE FORM OF GOVERNMENT FOR YEARS BY THE DEFENDANTS IN THIS CASE. VOTING, TO THIS PLAINTIFF, IS NOT MERELY A RIGHT TO BE EXERCISED, BUT A COMPULSION & CONVICTION IN PATRIOTIC DUTY AKIN TO RELIGIOUS FERVOR. LIKEWISE, IF THE RIGHT TO VOTE IS NOT SAFE IN THIS INSTANCE, IT IS NOT SAFE IN ANY INSTANCE, & ALL OTHER RIGHTS MAY BE INFRINGED-UPON, AS WELL. VOTING IS ESSENTIAL & FUNDAMENTAL. ALL WHO ARE SIMILARLY SITUATED ARE LIKEWISE AT RISK OF IRREPARABLE HARM, PARTICULARLY THOSE ALSO IN THE CUSTODY OF THESE PARTICULAR DEFENDANTS. BECAUSE THIS IS A CLEAR VIOLATION OF A CONSTITUTIONAL RIGHT, IRREPARABLE HARM IS EVIDENT. (HENRY V. GREENVILLE AIRPORT 284 F2d 631, 4TH CIR (1960))

## BALANCE OF EQUITIES & PUBLIC INTEREST

WHERE, AS HERE, THE GOVERNMENT IS A PARTY, THE BALANCE OF EQUITIES & PUBLIC INTERESTS MERGE. (NKEN V. HOLDER 556 US 418 129 S. CT 1749, 173 L. ED 2d (2009)) IT IS ALWAYS IN THE PUBLIC INTEREST TO UPHOLD CONSTITUTIONAL RIGHTS. (CENTRO TEPEYAC V. MONTGOMERY CNTY 722 F. 3d 184 4TH CIR (2013))

GRANTING THIS INJUNCTION DOES NOT HARM THE PUBLIC & DOES NOT NEGATIVELY IMPACT THE DEFENDANTS' MOST IMPORTANT FUNCTION: TO UPHOLD THE CONSTITUTION & LAWS OF THIS STATE. INJUNCTIONS THAT PREVENT THE STATE FROM [illegible] UNCONSTITUTIONAL (OR ILLEGAL

Case 3:26-cv-01253 Document 15 Filed 10/05/26 Page 4 of 9 PageID #: 286

UNCONSTITUTIONAL) RESTRICTIONS DOES NOT HARM THE STATE, & INSTEAD, IS LIKELY TO IMPROVE THE SYSTEM. (GIOVANNI CARANDOLA, LTD V. BASON 303 F. 3d 507 4TH CIR (2002))
THE REQUESTED INJUNCTION DOES NOTHING MORE THAN REQUIRE THE DEFENDANTS TO FULFIL THEIR EXISTING CONSTITUTIONAL OBLIGATIONS.

IN CONTRAST, A DENIAL OF INJUNCTIVE RELIEF WOULD PROLONG THE DEFENDANTS' ONGOING DEPRIVATION OF PLAINTIFF'S MOST FUNDAMENTAL RIGHTS & SANCTION THEIR COMMISSION OF NEW VIOLATIONS AGAINST OTHER INDIVIDUALS. FURTHER, SINCE THIS ACTION MAY NOT BE RESOLVED PRIOR TO PLAINTIFF'S RELEASE, A DENIAL OF THIS INJUNCTION COULD DENY HIM OF ANY POSSIBILITY FOR ANY REMEDY WHATSOEVER. HOW LONG CAN STATE ACTORS DENY A CONSTITUTIONAL RIGHT BEFORE THE COURTS INTERVENE? A PRELIMINARY INJUNCTION IS NECESSARY IN THIS CASE TO PREVENT FURTHER HARM TO THE PLAINTIFF & TO ALL OTHERS SIMILARLY SITUATED.

I DECLARE, UNDER PENALTY OF PERJURY, THAT I HAVE PERSONALLY REVIEWED & SIGNED THIS DOCUMENT. I FURTHER DECLARE THAT, PURSUANT FRCP 11, I BELIEVE I HAVE MADE A LEGAL CLAIM, AM NOT FILING THIS DOCUMENT FOR AN IMPROPER PURPOSE, & MY CLAIMS ARE SUPPORTED BY EVIDENCE.

RESPECTFULLY SIGNED,

[signature] / CODY HEATH WIGGINS - #69253

9/20/2026
DATE

AFFIDAVIT

I, CODY HEATH WIGGINS, GIVE OATH AFTER BEING DULY SWORN UNDER PENALTY OF PERJURY, AM COMPETENT TO TESTIFY, OVER THE AGE OF 18, & STATE THE FOLLOWING TO MY PERSONAL KNOWLEDGE:

1) I HAVE PROVIDED NOTICE VIA US MAIL TO EACH DEFENDANT ON 9/21/2026 OF THIS APPLICATION FOR PRELIMINARY INJUNCTION.

2) ALL STATEMENTS ARE TRUE CONTAINED HEREIN TO THE BEST OF MY KNOWLEDGE.

3) THE REQUIREMENTS OF PLRA HAVE BEEN SATISFIED & I HAVE EXHAUSTED ALL ADMINISTRATIVE REMEDIES AVAILABLE TO ME AS A PRETRIAL DETAINEE.

FURTHER AFFIANT SAITH NOT.

RESPECTFULLY SIGNED,

/CODY HEATH WIGGINS - #69253

AFFIANT

9/20/2026

DATE

RELIEF SOUGHT

1) THAT THIS COURT GRANT THIS APPLICATION FOR PRELIMINARY INJUNCTION.

2) THAT DECLATORY RELIEF BE GRANTED SO THAT PLAINTIFF MAY EXERCISE HIS RIGHT & DUTY TO VOTE IN NATIONAL, STATE & LOCAL ELECTIONS.

3) FOR ALL OTHER RELIEF DEEMED PROPER.

RESPECTFULLY SIGNED,

/CODY HEATH WIGGINS - #69253

9/28/2026
DATE

Cody Heath Wiggins - #69253
Williamson County Jail
408 Century Ct.
Franklin, TN 37064

(LEGAL MAIL)




RECEIVED
OCT 0 5 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk, US District Court
719 Church St.
#1300
Nashville, TN 37203

[* LEGAL MAIL *]

This correspondence is from an inmate in a correctional institution. The Williamson County Sheriff's Office has neither censored nor inspected this item. Therefore this department does not assume responsibility for its contents.
Williamson County Sheriff's Office

(LEGAL MAIL)